IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JAMES CLARK STOLTZ | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | No. 18-2736 |
| ANDREW SAUL,[1] *COMMISSIONER OF SOCIAL SECURITY* | : | |

## ORDER

AND NOW, this 3rd day of March, 2020, upon consideration of Plaintiff James Clark Stoltz's Brief and Statement of Issues in Support of Request for Review, the Commissioner of Social Security's response thereto, and Stoltz's reply, and after careful and independent review of the Report and Recommendation of United States Magistrate Judge Marilyn Heffley, the Commissioner's objection, and Stoltz's response to the Commissioner's objection, it is ORDERED:

- The Commissioner's objection to the Report and Recommendation (Document 24) is OVERRULED;[2]

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), Saul is substituted for Nancy A. Berryhill as the Defendant in this case.

[2] Plaintiff James Clark Stoltz seeks review of an Administrative Law Judge's (ALJ) decision to deny his social security benefits. Stoltz argues the ALJ lacked authority to decide his case because he was unconstitutionally appointed. *See generally Lucia v. SEC*, 138 S. Ct. 2044 (2018). The Commissioner concedes this point. Nevertheless, the Commissioner argues Stoltz is not entitled to relief because he failed to exhaust his Appointments Clause claim.

According to a recent precedential Third Circuit decision, a plaintiff is not required to exhaust an Appointments Clause claim before the Social Security Administration. *See Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 153 (3d Cir. 2020). With this authority, United States Magistrate Judge Marilyn Heffley issued a Report and Recommendation (R&R) recommending Stoltz's request for review be granted and his case be remanded to the Commissioner for further proceedings before a different, and constitutionally appointed, ALJ. *See* R. & R. at 4, Jan. 28, 2020, ECF No. 21. The Commissioner objects to the R&R because, despite

- The Report and Recommendation (Document 21) is APPROVED and ADOPTED;

- Stoltz's Request for Review (Document 11) is GRANTED;

- Judgment is entered in Stoltz's favor by separate order; and

- This case is REMANDED to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings before a different, and constitutionally appointed, Administrative Law Judge consistent with the Report and Recommendation.

                               BY THE COURT:


                                /s/ Juan R. Sánchez
                                Juan R. Sánchez, C.J.

---

*Cirko* being binding precedent on this Court, it is his position that Stoltz must exhaust his Appointments Clause claim.

      The Commissioner's objection is overruled because *Cirko* is binding authority on this Court (as the Commissioner concedes). Stoltz was not required to exhaust his Appointments Clause claim. He is thus entitled to relief because the ALJ who decided his case was not constitutionally appointed. Accordingly, the Court grants Stoltz's request for review and remands this case. On remand, the Commissioner shall grant Stoltz a new hearing before a constitutionally appointed ALJ other than the one who presided over his first hearing. *See Cirko*, 948 F.3d at 159–60.